| | |
|---|---|
| MONICA STAAR, | No. 2:17-cv-00154 KJM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| DEAN SCHMIDT, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because the complaint, in its current form, is frivolous. Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file in forma pauperis." O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

**I. SCREENING**

Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting his complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules

1

of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

A. The Complaint

The complaint alleges that both plaintiff and defendant are California residents. ECF No. 1 at 2. The complaint makes no other allegation regarding the citizenship of either plaintiff or defendant. Under the "Basis for Jurisdiction" section of the complaint form, plaintiff does not check "Federal question" or "Diversity of citizenship" but instead writes in "Amount in Controversy." Id. at 3. Plaintiff alleges that the value of the claim is "$1 million plus actual costs of driving to Mr. Schmidt's office and printing him copies of documents." Id. at 5. Substantively, plaintiff alleges that defendant is an attorney who agreed to represent her in a personal injury case, but dropped out of contact with her. Id.

B. Analysis

Plaintiff has failed to allege any basis for federal jurisdiction, and therefore her complaint must be dismissed. In order to survive IFP screening, the complaint must allege facts showing that defendant engaged in some conduct that the law prohibits (or failed to do something the law requires), and that in doing so, defendant harmed plaintiff. In addition, if a state law alone is at issue, plaintiff must allege facts showing that "diversity" jurisdiction exists, that is, that the amount in controversy exceeds $75,000, **and that he is a citizen of a different state than the defendant**. See 28 U.S.C. § 1332.

It is not clear from the few factual allegations of the complaint whether plaintiff could possibly state a claim that can be heard in this court, and that would entitle her to relief. It appears that only state law is at issues, and plaintiff has not alleged diversity of citizenship. Plaintiff will therefore be given an opportunity to amend her complaint.

C. Amending the Complaint

The amended complaint, in addition to alleging facts establishing the existence of federal jurisdiction, must contain a short and plain statement of plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). As noted above, forms are available

to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## II. PRO SE PLAINTIFF'S SUMMARY

Your complaint is being dismissed because it does not show that this court has authority to hear the case. For this court to hear the case, the complaint has to (1) involve a question of

4

federal law, or (2) involve a plaintiff and defendant from different states, and have over $75,000 at issue. Having $1,000,000 at issue is not enough, by itself, to give this court authority to hear the case. You are being given an opportunity to file an amended complaint that fixes this problem. Your request to proceed in forma pauperis is denied, but you may file a new application if you choose to file an amended complaint.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice, because the complaint is frivolous.

2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above, along with a renewed application for IFP. Alternatively, plaintiff may pay the filing fee. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: June 13, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE